# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN ANTONIO VALDES GARCIA,<br><br>Petitioner,<br><br>v.<br><br>U.S. DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA,<br><br>Respondent. | Case No. 1:26-cv-03714-JLT-EPG-HC<br><br>ORDER REGARDING NEXT FRIEND STANDING |

**I.**

**BACKGROUND**

On May 14, 2026, Martha Valdes ("Ms. Valdes") filed a petition for writ of habeas corpus on behalf of her nephew, Joan Antonio Valdes Garcia ("Petitioner"), who is an immigration detainee currently detained at the California City Detention Facility. (ECF No. 1.)

**II.**

**DISCUSSION**

"'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." Whitmore v. Arkansas, 495 U.S. 149, 162 (1990) (citing United States ex rel. Toth v. Quarles, 350 U.S. 11, 13, n.3 (1955)). However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Whitmore, 495 U.S. at 163. In order

1

to establish standing, the next friend must: (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." Whitmore, 495 U.S. at 163 (internal citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.

"[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases). See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself." (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); C.E. Pope Equity Trust, 818 F.2d at 697 ("Although a non-attorney may appear *in propia persona* in his own behalf, that privilege is personal to him.").

"Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, see 28 U.S.C. § 2246, the statute does not authorize the 'next friend' to proceed without an attorney." United States v. Caputo, No. 1:14-cr-00041-JLT-SKO-1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023). See Hinojosa v. Warden, SATF/SP, No. 2:22-cv-1780 DB P, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) ("[E]ven if Mr. Bland's motion for 'next friend' status were granted, he would have to be represented by counsel in order to proceed as a 'next friend' because pro se litigants have no authority to represent anyone other than themselves."), report and recommendation adopted, 2023 WL 4711303 (E.D. Cal. July 24, 2023). Additionally, the Local Rules of Practice for the United States District Court, Eastern District of California provide in pertinent part:

> Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria

persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules. A corporation or other entity may appear only by an attorney.

L.R. 183(a).

"Thus, in an action in which the sole plaintiff is incapacitated and cannot proceed pro se, the plaintiff must be represented by competent counsel, or alternatively, the action must be dismissed without prejudice." Complot v. JP Morgan Chase Bank, No. CV-23-02348-PHX-DWL, 2023 WL 8234271, at *3 (D. Ariz. Nov. 28, 2023) (citing Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997)).

Assuming that Ms. Valdes qualifies for next-friend status, which would permit her to initiate the instant petition, it does not allow her to prosecute this action *pro se* on her nephew's behalf. Therefore, either: (1) Ms. Valdes must secure licensed counsel to proceed, or (2) Petitioner Joan Antonio Valdes Garcia must notify the Court in writing that he will appear on his own behalf to prosecute this habeas action.[1] Otherwise, the undersigned will recommend that the petition be dismissed without prejudice.

**III.**

**ORDER**

Based on the foregoing, the Court HEREBY ORDERS that:

1. Within **THIRTY (30) days** from the date of service of this order, **either**:

   (a) Petitioner Joan Antonio Valdes Garcia must notify the Court in writing that:

       i.    Ms. Valdes filed the instant federal habeas petition with his knowledge and permission,

       ii.   he declares under penalty of perjury that the contents of the petition are true and correct, and

---

[1] Additionally, Petitioner may file a motion to appoint counsel if he cannot retain counsel or proceed on his own behalf. See 18 U.S.C. § 3006A(a)(2)(B) (authorizing the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require"); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.").

3

  iii. going forward he will appear on his own behalf to prosecute this habeas action; **OR**

 (b) Ms. Martha Valdes must secure licensed counsel and said counsel shall file a notice of appearance in this matter.

2. The Clerk of Court is DIRECTED to:

 (a) Update Petitioner's address to:

> California City Immigration Processing Center
> P.O. Box 2513
> California City, CA 93505

 (b) Send Petitioner Joan Antonio Valdes Garcia a copy of the petition (ECF No. 1) along with a copy of this order; and

 (c) Send Ms. Martha Valdes a copy of this order at the address listed on page 1 of the petition (ECF No. 1 at 1).

3. Failure to comply with this order will result in a recommendation of dismissal for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **May 18, 2026**    /s/ _Erica P. Grosjean_
                UNITED STATES MAGISTRATE JUDGE