**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOAN ANTONIO VALDES GARCIA (A No. 220-726-799),<br><br>               Petitioner,<br><br>v.<br><br>U.S. DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA, et al.,<br><br>               Respondents. | Case No. 1:26-cv-03714-JLT-EPG<br><br>ORDER GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Docs. 1, 7) |

## I.    INTRODUCTION

Before the Court is Joan Antonio Valdes Garcia's request for a temporary restraining order (Doc. 7), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), (Doc. 9 at 4), a legal position that this Court has rejected repeatedly. For the reasons set forth below, the Court **GRANTS IN PART** the habeas petition.[1]

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 8.) Respondents do not request a hearing and only request additional briefing "if more than a bond hearing is granted." (Doc. 9 at 1.) Because the Court grants only a bond hearing and Respondents had notice and opportunity to respond, the Court decides this case on the underlying habeas petition.

## II.    JURISDICTION

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks an individualized bond hearing because he was re-detained without due process of law in violation of the Fifth Amendment. (Doc. 1 at 3–5.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Therefore, this Court has the authority to review Petitioner's habeas petition and declines Respondents' jurisdictional arguments. (Doc. 9 at 3–4); *see Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## III.    FACTUAL BACKGROUND

Petitioner is citizen of Cuba who entered the United States on or around May 16, 2022, where he was encountered at the border by immigration officials. (Doc. 9 at 2; Doc. 9-1 at 2.) On May 17, 2022, Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under INA § 212(a)(6)(A)(I) and released Petitioner on an Alternatives to Detention Program. (Doc. 9-1 at 2.) Respondents indicate that Petitioner failed to appear at a scheduled check-in appointment on November 8, 2022, (Doc. 9 at 2), and the I-213 indicates that Petitioner is a "known ATD Absconder." (Doc. 9-1 at 2.) On November 11, 2022, Petitioner filed a Form I-589 Application for Asylum and Withholding of Removal with the immigration court, which remains pending. (Doc. 1 at 6, 10–21; Doc. 9 at 2.) Petitioner is not currently

subject to a final order of removal.[2] Petitioner was recently ticketed for a driving offense for which he failed to appear for a court hearing. (*See* Doc. 9 at 2.) Then, on April 22, 2026, Petitioner was arrested by local police on a bench warrant for knowingly driving with a suspended license. (*Id*.; *see also* Doc. 9-1 at 2–3; Doc. 9-2 at 5.) On April 24, 2026, Petitioner was transferred into ICE custody. (Doc. 1 at 3; Doc. 9 at 2.) Petitioner is detained at California City Detention Center. (*See* Doc. 1 at 2.)

## IV.    DISCUSSION

The government filed an opposition to the habeas petition and TRO, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 9 at 4–5.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, Respondents further argue that Petitioner's prior release was lawfully revoked because (1) he failed to appear for a check-in appointment in violation of his ATD program, and (2) he had a bench warrant out for his arrest after failing to appear for traffic court and driving

---

[2] Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's immigration case is still pending, with an upcoming hearing scheduled for June 24, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited June 15, 2026).

3

with a suspended license. (*See* Doc. 9 at 2, 5; *see also* Doc. 9-1 at 3; Doc. 9-2 at 5.) As such, the Court finds that the appropriate remedy is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk.

For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**;

2. The motion for temporary restraining order (Doc. 7) is **DENIED AS MOOT**;

3. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

4. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **June 17, 2026**

_____
UNITED STATES DISTRICT JUDGE